UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| VICKIE DETLOFF, | ) | CASE NO:  3:05-CV-0417-HDM-RAM |
| | ) | |
| Plaintiff(s), | ) | **ORDER SCHEDULING EARLY** |
| | ) | **NEUTRAL EVALUATION SESSION** |
| vs. | ) | |
| | ) | |
| THE STATE OF NEVADA ex rel its public | ) | |
| works board, | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

Pursuant to the current Court-Based Early Neutral Evaluation Program in the District of

Nevada as outlined in Special Order No. 102, a copy of which was previously provided to counsel,

an Early Neutral Evaluation Session is hereby scheduled to commence on **Thursday, March 9,**

**2006** at **9:00 a.m.**  in the courtroom of the undersigned United States Magistrate Judge, Courtroom

No. 1, Bruce R. Thompson Courthouse and Federal Building, 400 South Virginia Street, Fourth

Floor, Reno, Nevada.

## I.  PREPARATION FOR EARLY NEUTRAL EVALUATION

### A.   ATTENDANCE OF COUNSEL AND CLIENT OR CLIENT REPRESENTATIVE

Unless excused by order of the Court, clients or client representatives with complete

authority to negotiate and consummate a settlement shall be in attendance at the early

neutral evaluation.  All parties and counsel should make arrangements to be present at the early neutral evaluation for the entire session.  Every effort should be made to avoid scheduling airline flights or other obligations that will interfere with or shorten the settlement negotiations.   This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client.  For a defendant, such representative must have final settlement authority to commit the organization to pay, <u>in the representative's own discretion</u>, a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, <u>in the representative's own discretion</u>, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the defendant's last offer.

If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) is <u>absolutely required</u>.  Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present.  Such representative must have final settlement authority to commit the company to pay, <u>in the representative's own discretion</u>, an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.

<u>    The purpose of these requirements is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise </u>

2

such discretion without negative consequences, in order to settle the case during the early neutral evaluation without consulting someone else who is not present.   In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with these provisions, s/he shall immediately discuss the circumstance with opposing counsel to resolve it well before the early neutral evaluation, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

Counsel appearing for the early neutral evaluation without their client representatives or insurance company representatives, authorized as described above, will cause the early neutral evaluation to be canceled or rescheduled.   The non-complying party, attorney or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court.   Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

**B. PREPARATION FOR EARLY NEUTRAL EVALUATION SESSION**

In preparation for the ENE session, the attorneys for each party shall submit a confidential written evaluation statement for the Court's in camera review.   The ENE statement shall be concise and shall:

1.  Identify, by name or status, the person(s) with decision-making authority, who, in addition to counsel, will attend the ENE session as representatives(s) of the party;

2.  Describe briefly the substance of the suit, addressing the party's views on the key liability issues and damages;

3

3.      Describe the principal evidence upon which your party's claims or defenses are based.  State the statutory or other authority upon which you base your claims.

4.      Address whether there are legal or factual issues whose early resolution would reduce significantly the scope of the dispute or contribute to settlement negotiations;

5.      Describe the history and status of settlement negotiations; and

6.      Include copies of documents, pictures, recordings, etc., out of which the suit arose, or whose availability would materially advance the purposes of the evaluation session, (e.g., medical reports, documents by which special damages might be determined.)

The ENE written evaluation statements shall be delivered to my chambers, Suite 404, not later than  **Thursday, March 2, 2006 at 4:00 P.M.**  **DO NOT DELIVER OR MAIL THEM TO THE CLERK'S OFFICE.**  **DO NOT SERVE A COPY ON OPPOSING COUNSEL**.  The original of the ENE written evaluation statement should be in an envelope clearly marked "Confidential, contains ENE evaluation statement".  [If numerous and/or odd-sized documents are included with the statement pursuant to Section 6 above, it is not necessary to provide them in duplicate.]

The purpose of the ENE statement is to assist the Court in preparing for and conducting the ENE session.  In order to facilitate a meaningful conference, your utmost candor in providing the requested information is required.  The ENE statement will not be seen by the District Judge or Magistrate Judge assigned to this case.  The confidentiality of each statement will be strictly

maintained unless a party gives the Court permission to reveal some or all of the information contained within the statement.  Following the ENE session, the statements will be destroyed.  If documents are submitted to the Court for review, the party submitting the documents may request their return provided that such a request is made within three court days following the ENE session. If no such request is timely received by the Court, the documents will be destroyed.


DATED this  25th   day of  January  , 2006.


VALERIE P. COOKE
UNITED STATES MAGISTRATE JUDGE